UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TODD PHILLIPS, ET AL | CIVIL ACTION NO. 17-cv-1524 |
| VERSUS | JUDGE DOUGHTY |
| JULIAN C. WHITTINGTON, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

At the request of the parties, the undersigned has conducted an *in camera* review of the documents listed in the BSO defendants' privilege log. The log is dated November 1, 2019 but was updated to include additional documents that were inadvertently omitted. The revised log was provided to the undersigned on November 5, 2019. The undersigned's determinations as to the existence of a claim of privilege or work product immunity are set forth below.

**Bates No. 0001-0004**: Not subject to privilege or immunity. The information conveyed was not intended to be confidential and does not constitute the mental impressions of counsel. The fact that someone could perhaps match the dates of these emails to other documents and somehow determine an opinion or mental impression of an attorney is not sufficient. While context is important, each communication must be individually analyzed. Furthermore, Bates No. 0004 is not covered by the law enforcement privilege. There is nothing in this series of emails regarding anything of moment pertaining to the ongoing criminal investigation. It merely references an attached report.

**Bates No. 0580-0591**: This is Judge Thompson's opinion regarding 404(B) evidence. The opinion itself is a public record and does not qualify for any privilege or immunity.

**Bates No. 0675-0678**: This is Defendants' expert report regarding cell tower tracking. The report does not fall under any privilege or immunity which may be claimed by Defendants.

### Other Documents

The other documents listed in the privilege log fall into two distinct groups. The first group constitutes information exchanged between Defendants and trial counsel for Defendants. The second group is a long string of emails between Lt. Bruce Bletz and Gary Wilson.

**Bates No. 0540-0680:** These documents and communications are clearly protected by the attorney-client privilege, attorney work product immunity, or both. With the exception of Bates No. 0567 and 0568 (duplicate of 0567), which is addressed below, the documents were appropriately withheld and listed on the privilege log.

**Bates No. 0005-0539:** These are emails between Gary Wilson and Lt. Bletz. Defendants assert an investigation and law enforcement privilege. The Fifth Circuit recognizes a law enforcement privilege that protects investigative files in an ongoing criminal investigation. In re U.S. Dept. of Homeland Security, 459 F.3d 565, 569 (5th Cir. 2006). This includes protecting the identity of a confidential informant. Coughlin v. Lee, 946 F.2d 1152, 1159 (5th Cir. 1991); Doe on behalf of Thomas v. Sutter, 2019 WL 1429626

(S.D. Tex. 2019). However, the privilege lapses at the close of an investigation or after a reasonable time. Roque v. City of Austin, 2018 WL 5848988 (W.D. Tex. 2018).

District courts must conduct an *in camera* review to evaluate whether the law enforcement privilege applies. Under the test set forth in Frankenhauser v. Rizzo, 59 F.R.D. 339, 344 (E.D. Pa. 1973), the court must weigh ten factors:

(1) The extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information;

(2) The impact upon persons who have given information of having their identities disclosed;

(3) The degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure;

(4) Whether the information sought is factual data or evaluative summary;

(5) Whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question;

(6) Whether the police investigation has been completed;

(7) Whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation;

(8) Whether the plaintiff's suit is non-frivolous and brought in good faith;

(9) Whether the information sought is available through other discovery or from other sources; and

(10) The importance of the information sought to the plaintiff's case.

In re U.S. Dept. of Homeland Security, 459 F.3d at 570.

Defendants argue in their *in camera* submission that the communications between Bletz and Wilson occurred during the investigation of many crimes that remain unsolved.

Defendants now believe that Wilson may have been involved in some of the crimes, but Defendants state that he has not yet been tried and the prosecution is ongoing. Defendants further state that Wilson was acting as an informant to Bletz during the investigation.

News reports indicate that Wilson was charged with a string of arsons and vandalisms that investigators originally thought were committed by Plaintiff. Wilson was released on bond in October of 2018. Widely available police reports state that Wilson's wife and son (who may have participated in the crimes) are deceased, their bodies having been found tied together in the Red River between Caddo and Bossier parishes. It is widely reported that they both committed suicide by jumping off a bridge. See https://www.shreveporttimes.com/story/news/2018/04/25/mother-son-bossier-deer-camp-case-committed-suicide-coroner-says/551264002/.

Given the nature of the allegations in this lawsuit, the time that has elapsed since the charges against Plaintiff were dismissed (he was the main suspect for about five years), and the information contained in the emails, the court finds that a careful weighing of the Frankenhauser factors leads to the conclusion that the law enforcement privilege does not apply to the emails between Wilson and Bletz.

1. The court does not believe that disclosure will thwart governmental processes by discouraging current or future informants. Indeed, Wilson was not a true informant. He was using the sheriff's department to draw attention away from himself and direct it toward Plaintiff.

2. The court perceives the impact upon Wilson of having his identity disclosed is nonexistent. He is suspected of committing the very acts of which Plaintiff was originally charged.

3. Government self-evaluation and program improvement will not be chilled by disclosure; indeed, self-evaluation and program improvement would be improved by public awareness of the contents of the communications.

4. The data is purely factual and is not an evaluative summary. Indeed, the court perceives that these emails are very important evidence in this case. See factor 8, below.

5. Plaintiff apparently remains a potential suspect in at least some of the unsolved crimes. Defendants represent that the police investigation has not been completed, and it is unknown if Phillips will ever be charged or when Wilson will be brought to trial.

6. Defendants state that the investigation is on-going.

7. It is also unknown whether any interdepartmental disciplinary proceedings have arisen.

8. The court finds that Plaintiff's suit is non-frivolous and brought in good faith.

9-10. The court also finds that the information sought is not available through other sources of discovery, and the information is very important to Plaintiff's case. An example of the Lt. Bletz's remarkable zeal and his certainty of Plaintiff's guilt is found in the following excerpts of an email sent by Bletz to Wilson:

> "The demise of Todd Phillip's [sic] is rapidly approaching and the first phase of the master plan will 100% go to trial in November."
>
> "Gary we have always been on the same page and I promise that we will undoubtedly have the last laugh.
>
> "Once Todd Phillips is resting comfortably in Angola, you have my word that I will personally work with you until we uncover the truth and answer every question surrounding your house and vehicle!!
>
> "You also have my word that our earlier conversation will stay between us, as always, and I will not contact Jimmy or anyone else regarding what we discussed!"

E-mail from Bletz to Wilson dated September 21, 2016 at 12:01 a.m. Bates No. 0427-0430. The court also notes that Bletz's name is mysteriously misspelled in the header immediately prior to that email. That error does not occur in the headers of any of the other emails as far as the court can determine.

The final issue identified by the court in the documents is an email from prosecutor Hugo Holland to a potential expert regarding cell tower tracking. Bates No. 0567 and 0568 (duplicate of 0567). While much of the email simply discusses the need for a rebuttal expert, the last sentence of the email ("The sheriff himself is vested in this prosecution….") is highly relevant to Plaintiffs' claims. Accordingly, Defendants are ordered to redact everything in this email except for the header and the last sentence and produce the redacted email to Plaintiffs.

**Deadline**

The BSO defendants are ordered to supplement their production in accordance with this order no later than **December 10, 2019**. The court will shred the copy submitted for the *in camera* review.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 2nd day of December, 2019.

Mark L. Hornsby
U.S. Magistrate Judge