UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TODD PHILLIPS, ET AL                    CIVIL ACTION NO. 17-cv-1524

VERSUS                                  JUDGE DOUGHTY

JULIAN C WHITTINGTON, ET AL             MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

The Phillips family ("Plaintiffs") filed this civil rights action against Sheriff Julian Whittington and other defendants. They allege that Bossier Parish officials wrongfully arrested and prosecuted Mr. Phillips for crimes that he did not commit. The court allowed a video deposition of the sheriff, subject to certain stipulations, including that no copies of the video deposition be made or disseminated without court approval.

Defendants filed a motion for summary judgment that attacked Plaintiffs' claim, including all claims against Sheriff Whittington. Plaintiffs asked to attach to their opposition excerpts from the written transcript of the sheriff's deposition. Plaintiffs originally identified 48 of the 133 pages of the deposition as relevant. Counsel for the sheriff did not object to the use of the excerpts so long as they were filed under seal. He expressed concern about use of the testimony to generate pretrial publicity that could prejudice potential jurors or that might cause citizens to lose confidence in their elected officials.

The court held a conference and allowed the excerpts to be filed under seal pending further consideration. Plaintiffs reduced to 24 pages the portions of the deposition they

wished to file, and those pages were filed under seal. Doc. 156. The court now revisits the issue of whether the excerpts should be sealed.

The power to seal court records must be used sparingly in light of the public's right to access. The principle of public access to judicial records furthers not only the interests of the outside public, but also the integrity of the judicial system itself. U.S. v. Holy Land Foundation, 624 F.3d 685, 690 (5th Cir. 2010). Public access serves to promote trustworthiness of the judicial process, curb judicial abuses, and provide the public with a more complete understanding of the judicial system, including a better perception of its fairness. Id. In exercising its discretion to seal judicial records, the court must balance the public's right of access against the interests favoring nondisclosure. S.E.C. v. Van Waeyenberghe, 990 F.2d 845, 848 (5th Cir. 1993); Sealing Court Records and Proceedings: A Pocket Guide, p. 17 (FJC 2010).

The filed excerpts include the sheriff's discussion of a task force that was formed to investigate the crimes at issue, letters about the investigation that were sent by an unknown person, and the investigation of an alleged crime at the home of Gary Wilson (the actual perpetrator), and related matters. There does not appear to be anything in the excerpts that would unduly embarrass the sheriff or make it difficult to select a jury. The court routinely selects juries from this eight-parish division in cases that have received as much publicity as this one, and many jurors are often completely unaware of matters that have received attention in local media. The sheriff's desire for nondisclosure is significantly outweighed in this case by the public's right of access to judicial records. Unsealing the excerpts will promote confidence in the integrity of the judicial system and should have few, if any,

negative effects. Accordingly, Plaintiffs' **Motion for Leave to File Excerpts (Doc. 147)** is **granted**. The clerk of court is directed to **unseal** the excerpts that were filed at Doc. 156.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 24th day of June, 2020.

Mark L. Hornsby
U.S. Magistrate Judge