UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TODD PHILLIPS, ET AL                      CIVIL ACTION NO. 17-cv-1524

VERSUS                                    JUDGE TERRY A. DOUGHTY

JULIAN C WHITTINGTON, ET AL               MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

**Introduction**

Residents of north Bossier Parish experienced a rash of vandalism and property crimes that began in 2010 and continued for several years.  Local law enforcement authorities were under pressure to arrest someone for the crimes that affected dozens of victims.  The sheriff eventually charged local resident Todd Phillips with criminal property damage, a misdemeanor.  Two years later, the Bossier Parish District Attorney amended the charge to a felony offense of simple arson.

With the trial date on the felony charge approaching, Mr. Phillips filed this federal civil rights action against Bossier Parish Sheriff Julian Whittington, two sheriff's deputies, DA Schuyler Marvin, ADA Hugo Holland, Gary Wilson, and Coty Wilson (Gary's son). A few weeks later, sheriff's deputies executed a search warrant at the home of Gary Wilson. Mr. Wilson had claimed to be among the victims, fed information to investigators, publicly accused Phillips of the crimes, and testified as a state witness at a pretrial hearing.  The search of Wilson's home revealed evidence that connected Wilson to arson and other crimes, and Wilson was arrested.  The DA later dismissed all charges against Mr. Phillips.

Wilson eventually entered a guilty plea and received probation under the terms of a plea agreement.

The Phillips family has been represented by attorney Nichole Buckle throughout this civil action, and Ms. Buckle was co-counsel for Mr. Phillips in the criminal proceedings. Gary Wilson was represented for a time by attorney John Bokenfohr, who withdrew from the case and later joined Ms. Buckle's law firm. Before the court is Wilson's **Motion to Disqualify Attorney Nichole Buckle (Doc. 215)** because her partner Bokenfohr previously represented Wilson. Bokenfohr represents in an affidavit that he never met with Wilson or had any communication with him, that he has been screened from all participation in the case since joining Ms. Buckle's firm, and he will not share in any proceeds of this case. For the reasons that follow, the motion to disqualify will be denied.

**Relevant Facts**

Bossier Parish Sheriff's Deputies executed a search warrant at the Phillips' home in November 2012. Mr. Phillips soon retained attorney Marty Stroud to represent him in connection with the matter. Ms. Buckle began working as an associate at Mr. Stroud's firm in January 2013, and she was assigned to assist Mr. Stroud with all of his cases. Mr. Phillips was charged with a misdemeanor in June 2015, and Ms. Buckle played a significant role in the criminal defense, which included meeting with multiple witnesses. A five-day Rule 404(b) hearing was held in November 2016, and Ms. Buckle actively participated in the hearing. She also prepared all post-hearing briefs, which included an appellate writ application.

This civil suit began in November 2017, and Ms. Buckle has been lead counsel throughout the five years of the case.  The proceedings thus far have included discovery, extensive dispositive motion practice, and interlocutory appeals to the Fifth Circuit. Medical issues limited Mr. Stroud's role in the litigation, and he retired in December 2020.

Gary Wilson was arrested in 2018, and attorney Christopher Hatch enrolled to represent him in the Bossier Parish criminal matter.  Attorney Bokenfohr states in his affidavit that Hatch was a friend and colleague who asked for his assistance with the civil litigation against Mr. Wilson.  Hatch wanted to delay enrolling in the federal case because of his active criminal case load and personal issues, so he asked Bokenfohr to enroll in the civil case with the understanding that Hatch would enroll before trial.  In June 2022, Hatch agreed to an interim suspension from the practice of law in Louisiana.  In re Hatch, 340 So. 3d 879 (La. 2022).

Bokenfohr states that he enrolled in this civil case in June 2018, but his participation was limited to filing an answer and attending the depositions of Plaintiffs and some other witnesses.  Bokenfohr states: "I have never met Gary Wilson and have never had any communication with him directly."  Attorney Spencer Hayes enrolled as co-counsel for Wilson in December 2018.  Bokenfohr says his participation from that point forward was even more limited, and he did not attend Mr. Wilson's deposition or have any discussions with Wilson, Hatch, or Hayes in anticipation of the deposition.  Bokenfohr withdrew from representing Wilson in this civil case on February 1, 2021.  So, although Bokenfohr was enrolled as counsel for Wilson for about 2.5 years, was really involved in the defense for only about six months, and he never spoke to Wilson at any time

Bokenfohr merged his solo practice with Ms. Buckle's firm on May 1, 2021.  He states that he has never disclosed any confidences or information obtained during his representation of Wilson, nor has Ms. Buckle or anyone with the new firm asked him to discuss any information.  Before the merger, Ms. Buckle told Bokenfohr, and he agreed, that he could not bring any portion of Wilson's case file to the new firm.  Bokenfohr states that he has not participated in any discussions in the firm's office concerning this case, and he will not receive any portion of attorney's fees or other benefits to the firm earned in connection with this case.  Ms. Buckle offers a similar affidavit in which she corroborates the representations of Mr. Bokenfohr and confirms her lack of communication with him regarding this matter and that he will not receive any portion of the fees associated with this case.  Linda Robinson, a paralegal with the law firm, also offers an affidavit confirming the lack of disclosure of any confidences or information that Bokenfohr obtained during his representation of Wilson.

**Disqualification of Counsel: Basic Legal Standards**

Motions to disqualify counsel are decided based on state and national ethical standards.  In this case, the relevant ethical rules and standards include the local rules of this court, the American Bar Association's Model Rules and Code, and the Louisiana Rules of Professional Conduct.  Horaist v. Doctor's Hosp. of Opelousas, 255 F.3d 261, 266 (5th Cir. 2001).  Local Rule 83.2.4W adopts the Rules of Professional Conduct of the Supreme Court of Louisiana, and those rules are based in turn on the ABA's Model Rules of Professional Conduct.  Id.

In considering a motion to disqualify, the court views the rules in light of the party's rights and the public interest.  In addition to the specific rules that apply, the court considers whether a conflict has (1) the appearance of impropriety in general, or (2) a possibility that a specific impropriety will occur, and (3) the likelihood of public suspicion from the impropriety outweighs any social interests which will be served by the lawyer's continued participation in the case. In re Dresser Industries, 972 F.2d 540, 543-44 (5th Cir. 1992).

**Prior Representation and Imputation of Conflicts**

Rule 1.9 of the Louisiana Rules of Professional Conduct governs an attorney's duty to former clients.  Rule 1.9(a) states: "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing."  This rule would disqualify Mr. Bokenfohr from representing the Phillips family in this case because he formerly represented Mr. Wilson in this case, and their interests are adverse.

Louisiana Rule of Professional Conduct 1.10(a) addresses the imputation of conflicts of an individual attorney to other members of his firm.  It states:

> While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

The exception for a prohibition based on a "personal interest of the prohibited lawyer" does not appear to be applicable.  Such a "personal interest" conflict has been described as, for

example, when a lawyer has a personal disdain for a client's cause.  Dane S. Ciolino,

Lawyer Ethics Reform in Perspective: A Look at the Louisiana Rules of Professional

Conduct Before and after Ethics 2000, 65 La. L. Rev. 535, 570 (2005).  There is no

suggestion that Mr. Bokenfohr's conflict is based solely on such a personal interest.

The current Louisiana Rules of Professional Conduct were adopted in 2004.  Rule

1.10 was at that time identical to ABA Model Rule 1.10.  Id.  In 2009, the ABA adopted

changes to Model Rule 1.10 to permit screening to cure disqualification under Rule 1.9(a)

when an attorney transfers to a different firm.  Model Rule 10(a)(2) provides (with

emphasis added):

    (a)    While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9, unless

        (2)    the prohibition is based on Rule 1.9(a) or (b) and arises out of the disqualified lawyer's association with a prior firm, and

            (i)    the disqualified lawyer is *timely screened from any participation in the matter and is apportioned no part of the fee* therefrom;

            (ii)    *written notice is promptly given to any affected former client* to enable the former client to ascertain compliance with the provisions of this Rule, which shall include a description of the screening procedures employed; a statement of the firm's and of the screened lawyer's compliance with these Rules; a statement that review may be available before a tribunal; and an agreement by the firm to respond promptly to any written inquiries or objections by the former client about the screening procedures; and

            (iii)    *certifications of compliance with these Rules and with the screening procedures are provided to the former client* by the screened lawyer and by a partner of the firm, *at reasonable*

> *intervals upon the former client's written request* and upon
> termination of the screening procedures.

**Analysis**

"[M]otions to disqualify are substantive motions affecting the rights of the parties

and are determined by applying standards developed under federal law."  In re Am.

Airlines, Inc., 972 F.2d 605, 610 (5th Cir. 1992).  "Depriving a party of the right to be

represented by the attorney of his or her choice" is a sanction that "must not be imposed

cavalierly."  In re ProEducation Int'l, Inc., 587 F.3d 296, 300 (5th Cir. 2009).  "Because of

the severity of disqualification, [courts] do not apply disqualification rules mechanically,

but [instead] consider all of the facts particular to the case in the context of the relevant

ethical criteria and with meticulous deference to the litigant's rights."  Id.

The evidence shows that Mr. Bokenfohr had minimal involvement in this civil case.

He filed an answer and attended some depositions, but he never even spoke with Mr.

Wilson.  He essentially enrolled so that Mr. Wilson would have a counsel of record, but

attorney Hatch was at that time handling all communications with Wilson.  Mr. Bokenfohr

later withdrew from this case, by which time attorney Spencer Hayes had enrolled for

Wilson.  Mr. Hayes, along with Mr. Hatch, then handled Wilson's defense.

Before Mr. Bokenfohr merged his office with Ms. Buckle's firm, the attorneys took

careful steps to screen Bokenfohr from any further participation in the matter or

communications with Buckle's firm regarding the case.  Bokenfohr did not bring any of

Mr. Wilson's file to his new firm, and he and Ms. Buckle both squarely testify that they

have not communicated about the case.  Bokenfohr is also prohibited from sharing in any

proceeds of this litigation.  These steps have protected Mr. Wilson from any disclosure of

his confidences or potential prejudice stemming from Bokenfohr joining the Buckle firm. The record reveals no meaningful risk of prejudice to Mr. Wilson.

On the other hand, Ms. Buckle's continuing representation of Plaintiffs is critical. This is a complex case in which Ms. Buckle has guided the Plaintiffs' interest in the litigation for several years.  Disqualifying her from further representing them, with the case now in a posture for trial, would be devastating to the interests of the Plaintiffs.  It would be difficult for any new attorney to get up to speed on the many complicated facts and legal issues presented by this litigation, and it is doubtful that any attorney could spend enough time to equal the knowledge possessed by Ms. Buckle by virtue of her frontline involvement in both the criminal and civil cases.

Any suggestion of sharing confidential information has been rebutted by the specific and uncontested testimony of Ms. Buckle and Mr. Bokenfohr.  The court has no concern that Mr. Wilson's interests have been prejudiced in any degree by Mr. Bokenfohr's joining of the Buckle firm, given the pre-merger agreement regarding his screening from the matter.  It would not be in the best interests of Plaintiffs, nor would it serve the interests of justice, to disqualify Plaintiffs' counsel at this late stage of the case based on such a non-prejudicial event.  See Lemaire v. Texaco, Inc., 469 F. Supp. 1308 (E.D. Tex. 1980) (denying motion to disqualify based on lateral transfer of screened attorney in a complex case).

Ms. Buckle and Mr. Bokenfohr did timely screen Bokenfohr from any participation in the matter and have ensured that he is apportioned no part of the fee.  But there is no indication that they have previously provided Mr. Wilson with written notice to enable him

to ascertain compliance with screening requirements.  The court finds that this oversight does not warrant disqualification in these circumstances.  Mr. Wilson, through the briefing of this motion, has received reasonably prompt, and quite specific, information about the screening procedure.   His current counsel can assist him in exploring continuing compliance with the screening procedures and, if requested, periodic certifications of compliance at reasonable intervals.  See Maxell, Ltd. v. Apple, Inc., 2021 WL 1100098 (E.D. Tex. 2021) (failure to give prompt written notice did not cause prejudice sufficient to outweigh the significant prejudice to the other party if the court were to disqualify their counsel at an advanced stage).

After a careful review of the factual record, and considering Mr. Bokenfohr's limited involvement in the case, Ms. Buckle's extensive involvement in the case, and the satisfactory evidence that Bokenfohr has been screened from this case since he joined the Buckle firm, the court finds that disqualification of Plaintiffs' attorney is not appropriate. Mr. Wilson has not demonstrated any reason to believe that his confidential information was improperly shared by his former counsel or that it might be in the future.  When that lack of a showing is weighed against the extreme hardship disqualification would place on Plaintiffs, the result is that the motion to disqualify should be denied.  Accordingly, Gary Wilson's Motion to Disqualify (Doc. 215) is denied.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 31st day of October, 2022.

Mark L. Hornsby
U.S. Magistrate Judge